UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT EUGENE SECORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:20-cv-00069-JPH-MG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus**

Petitioner, Robert Secord, is currently in the custody of the Federal Bureau of Prisons ("BOP"). He brings this action pursuant to 28 U.S.C. § 2241, alleging that the BOP has calculated his sentence incorrectly. For the reasons explained below, Mr. Secord's petition is **denied**, and this action is **dismissed with prejudice**.

**I. Background**

On May 11, 2010, the 8th Judicial Circuit Court in Ionia County, Michigan sentenced Mr. Secord to a 10-year term of imprisonment for breaking and entering a building and for violating his parole. Dkt. 9-1 at ¶ 4. That same day, Mr. Secord was placed in the custody of the Michigan Department of Corrections. *Id*. On June 2, 2020, the 30th Judicial Circuit Court in Ingham County, Michigan sentenced Mr. Secord to a 15-year term of imprisonment for second-degree home-invasion, to be served concurrently with the Ionia county sentence and consecutively to his parole violations. *Id*. at ¶ 5.

On September 26, 2011, while Mr. Secord was serving his state sentence, he was temporarily removed from state custody by the United States Marshals Service on a federal writ of habeas corpus ad prosequendum. *Id*. at ¶ 6. On August 21, 2012, the United States District

1

Court for the Western District of Michigan sentenced Mr. Secord to a 240-month term of imprisonment, followed by 5 years of supervised release, for being a felon in possession of a firearm. *Id*. The district court ordered this sentence to run consecutively to the sentences previously imposed by the Ingham County Circuit Court and Ionia County Circuit Court. *Id*.

Because Mr. Secord was still in the primary custody of the Michigan state officials, he was returned to their custody following the sentencing proceedings. *Id*. Mr. Secord was credited on his state sentences for the time period from March 10, 2010, to November 7, 2012, which includes the time Mr. Secord was temporarily removed on the writ of habeas corpus ad prosequendum. *Id.* at ¶ 7. On November 7, 2012, Mr. Secord satisfied his state sentences and was released via parole to exclusive federal custody to begin service of his federal sentence. *Id.* at ¶ 7.

On April 16, 2013, the United States District Court of the Western District of Michigan reduced Mr. Secord's term of imprisonment from 240 months to 204 months following a motion by the government pursuant to Rule 35 of the Federal Rule of Criminal Procedure. *Id.* at ¶ 6. On November 26, 2014, the United States District Court of the Western District of Michigan, reduced Mr. Secord's term of imprisonment to 144 months following a second Rule 35 motion by the government. *Id*. Currently, Mr. Secord's projected release date is June 5, 2023. *Id*.

On February 6, 2020, Mr. Secord filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. The United States responded, *see* dkt. 9, and Mr. Secord did not reply.

## II. Discussion

Mr. Secord uses this § 2241 petition to challenge the calculation of his federal sentence. The Court interprets his argument to be that the BOP improperly failed to give him credit for the time he spent in state custody. *See* dkt. 1.

The Attorney General is responsible for computing the terms of imprisonment of federal inmates for all offenses committed on or after November 1, 1987. *See United States v. Wilson*, 503 U.S. 329 (1992). The Attorney General has delegated that authority to the BOP. *See* 28 C.F.R. § 0.96. The computation of federal sentences is governed by 18 U.S.C. § 3585.

Section 3585(b) directs that a defendant receive prior custody credit, or jail time credit, "for any time spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

To the extent Mr. Secord argues that he should have received credit towards his federal sentence for the time he spent in state custody serving his state sentence, the last clause of § 3585(b) forecloses such an argument. Section 3585(b) states that a federal inmate may receive credit for any time spent in official detention "that has not been credited against another sentence." 18 U.S.C. § 3585(b); *see also Wilson*, 503 U.S. at 333 (final clause in § 3585(b) permits a defendant to receive credit for only custody time that has not been credited against another sentence); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). Here, Mr. Secord seeks "pre-trial jail credits" for the period of September 26, 2011, to September 21, 2012, that he spent in the primary custody of Michigan state officials, but the record reflects that this time was credited against his state sentence. *See* dkt. 9-1 at 3. Mr. Secord has not demonstrated any error in the calculation of his sentence or any inconsistency with the requirements of 18 U.S.C. § 3585.

### III. Conclusion

Mr. Secord's petition for writ of habeas corpus is **denied** and the action **dismissed with prejudice**. Final judgment shall now issue.

**SO ORDERED.**

Date: 5/11/2021

        *James Patrick Hanlon*
        James Patrick Hanlon
        United States District Judge
        Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ROBERT EUGENE SECORD
16122-040
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808